UNITED STATES v. HARRIS.

(Circuit Court of Appeals, Eighth Circuit. March 17, 1920. Rehearing Denied June 10, 1920.)

No. 5422.

Indians ⊂⊃15(2)—Devisee of Osage allottee's homestead cannot convey without certificate of competency.

Under Act June 28, 1906, § 2, par. 4, providing, relative to the lands of Osage Indians, that the homestead shall be inalienable and nontaxable until "otherwise provided by act of Congress," and paragraph 7, authorizing the Secretary of the Interior to issue certificates of competency authorizing the sale of lands other than the homestead, a devisee of an allottee's homestead cannot convey it without a certificate of competency, notwithstanding Act April 18, 1912, § 8, authorizing any adult member of the tribe to dispose of property by will.

⊂⊃For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Appeal from the District Court of the United States for the Western District of Oklahoma; Joseph W. Woodrough, Judge.

Suit by the United States against P. H. Harris. From a judgment dismissing the suit, the United States appeals. Reversed.

Frank E. Ransdell, Asst. U. S. Atty., of Oklahoma City, Okl. (John A. Fain, U. S. Atty., of Lawton, Okl., on the brief), for the United States.

Elmer E. Grinstead, of Pawhuska, Okl. (Eugene F. Scott, of Pawhuska, Okl., on the brief), for appellee.

Before SANBORN, Circuit Judge, and LEWIS and MUNGER, District Judges.

LEWIS, District Judge. Husband and wife were Osage Indians, and selected and received their allotments of tribal land under the Act of June 28, 1906 (34 Stat. 539). She died testate on January 5, 1916. Her will was valid under the permissive Act of April 18, 1912 (37 Stat. 86), and he took her homestead selection as her devisee; which he afterward attempted to convey by deed, now appearing of public record, to appellee. This suit was brought to cancel that deed as a cloud on the title of the devisee. In addition to the foregoing facts, the complaint alleged that neither of the Indians ever applied for or received the certificate of competency that may be issued under the Act of June 28. A motion to dismiss the suit was sustained.

The restrictions against alienation found in Pars. 4 and 7 of Sec. 2 of that Act (June 28) were considered and construed by this court in Aaron v. United States, 204 Fed. 943, 123 C. C. A. 265, and it was held that an heir to the homestead who had not received the certificate of competency was without capacity to make conveyance. But it is now contended that Sec. 8 of the Act of April 18 removed all restrictions against the homestead after the death of the testate allottee. It reads:

"That any adult member of the Osage Tribe of Indians not mentally incompetent may dispose of any or all of his estate, real, personal, or mixed, including trust funds, from which restrictions as to alienation have not been removed, by will, in accordance with the laws of the State of Oklahoma."

Specifically, it is argued that this section was intended to supply the legislation contemplated by the clause "until otherwise provided by Act of Congress," found in the fourth paragraph of section 2 of the earlier Act; and that thus the inalienability of the homestead, there declared, has been removed. The language used makes the meaning of the section very clear. Its one purpose was to enable any adult Indian of the Osage Tribe, mentally competent, to make a will disposing of all of his estate. No purpose to remove the restrictions against alienation imposed by the Act of June 28, appears, except in so far as that purpose is embodied in disposition by will.

The reasons for removing the restriction against disposal by will and retaining it against disposal by deed, are plain and twofold in purpose. By will, the testator retains title, possession and enjoyment until death; while continued restriction against disposal by contract pro-

tects the Indian from the chances of being overreached. In that aspect Sec. 8 is a logical sequence of the legislative assumption in Par. 7 of Sec. 2 of the earlier Act, to-wit, that every Osage Indian is incapable of transacting his own business and caring for his own individual affairs. And this leads to the conclusion that in the enactment of Sec. 8 there was no intention of exercising the power specifically noted in the clause quoted from Par. 4, supra, but the intention was only to modify the requirement in Par. 7, and relieve the Indian from the necessity of obtaining a certificate of competency when disposition is made by will. Besides, Sec. 6 of the later Act overrides the contention and argument by expressly removing the restriction against alienation by heirs who hold certificates of competency, which by necessary implication retains it as to heirs who do not hold the certificate; and inasmuch as there can be no occasion for difference in the protection of heir and devisee, the latter also cannot make disposal by contract until certificate issues to him.

Reversed.