### UNITED STATES v. HARRIS.

(Circuit Court of Appeals, Eighth Circuit. February 6, 1923.)

No. 5422.

Appeal and error ⬥⟿833(3)—Court has jurisdiction to permit petition for rehearing to be filed after expiration of term.

Since rule 29 (188 Fed. xix, 109 C. C. A. xix), authorizing a petition to be presented and filed within 60 days, and retaining jurisdiction to hear and decide the question presented thereby, notwithstanding the lapse of the term within that period, does not forbid the entertaining of such petitions after the adjournment of the term, the court has jurisdiction to grant leave to file a second petition for rehearing, where appeal was taken from its judgment before the term at which the judgment had been rendered had expired, and the mandate had been stayed by a supersedeas bond, and the Supreme Court in another case had decided the controlling question of law adverse to the holding of this court, and had dismissed the appeal in the present case, with directions to proceed according to right and justice and the laws of the United States.

---

⬥⟿For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Appeal from the District Court of the United States for the Western District of Oklahoma.

On motion of appellee for leave to file a second petition for rehearing, and motion of appellant to file and record mandate of Supreme Court. Both motions granted.

For former opinion, see 265 Fed. 261.

W. A. Maurer, U. S. Atty., of Oklahoma City, Okl.

Charles B. Stuart, John F. Sharp, and M. K. Cruce, all of Oklahoma City, Okl., for appellee.

Before SANBORN and LEWIS, Circuit Judges.

SANBORN, Circuit Judge. On March 17, 1920, this court decided that under paragraphs 4 and 7 of section 2 of the Act of June 28, 1906 (34 Stat. 539), and section 8 of the Act of April 18, 1912 (37 Stat. 86), which provided that any member of the Osage Tribe of Indians, not mentally incompetent, might dispose of his real or personal property, from which restrictions as to alienation had not been removed, by will approved by the Secretary of the Interior, an adult Indian devisee under such a will had not the power to convey property so devised to her without a certificate of competency from the Secretary of the Interior. United States v. Harris (C. C. A.) 265 Fed. 261.

On January 24, 1921, the Supreme Court reached the opposite conclusion. LaMotte v. United States, 254 U. S. 570, 578–581, 41 Sup. Ct. 204, 65 L. Ed. 410. On May 15, 1920, the appellee, who was defeated by the decision of this court, filed a petition for a rehearing which was denied on June 10, 1920. On June 11, 1920, the mandate of this court was stayed for 30 days. On July 7, 1920, an appeal from the judgment of this court to the Supreme Court was allowed. On July 12, 1920, upon a bond of the appellee for $1,500 a supersedeas order was made by this court whereby the issue of its mandate was stayed until the further order of the court. Here proceedings in this court rested until on November 16, 1922, the attorney for the United States made its motion to file the mandate of the Supreme Court, and counsel for the appellee, Harris, on the same day filed an application for leave to file a second petition for rehearing in which they set forth the fact that the Supreme Court in LaMotte v. United States had reached a conclusion contrary to that of this court upon the decisive issue in this case.

The decision of the legal question which conditions the disposition of this case by the Supreme Court constitutes the law of the land, and it is plain that, if that question had reached a decision by that court in this case, it would have reversed the decision of this court, and sustained the judgment of the District Court below. It is obviously the duty of this court, if it has the jurisdiction so to do, to set aside its erroneous decision and render a correct decision, a decision in accordance with the decision of the Supreme Court in the LaMotte Case.

The serious question upon the application for leave to file the second petition for a rehearing is whether or not this court has jurisdiction, after the close of the term at which its judgment of reversal

was rendered, to set it aside and render a judgment of affirmance. In Kirchberger v. American Acetylene Burner Co., 142 Fed. 169, 73 C. C. A. 387, the Circuit Court of Appeals of the Second Circuit, held that it had no jurisdiction to grant a second petition for rehearing presented after the expiration of the term at which its judgment had been rendered. It rested its conclusion upon its rule No. 29 (31 C. C. A. clxvii), which provided that:

"A petition for rehearing, after judgment, can be presented only at the term at which judgment is rendered, unless by special leave granted during the term."

But rule 29 of this court (188 Fed. xix, 109 C. C. A. xix) does not expressly forbid it from entertaining petitions for rehearing, after the term at which judgment is rendered. It provides that:

"A petition for rehearing may be presented and filed within sixty days after the date of the judgment or decree, and jurisdiction to hear and decide the questions presented thereby is reserved, notwithstanding the lapse of the term within the sixty days."

The mandate from the Supreme Court discloses the fact that it merely dismissed the appeal to that court and that it did not in this case decide the question of law presented to this court, and its mandate goes no further than to declare the dismissal of the appeal and to direct such proceedings to be had "as according to right and justice, and the laws of the United States, ought to be had, the said appeal notwithstanding." It seems clear that such proceedings ought to be had as will give to the parties in this suit the rights and property to which they are respectively entitled according to the decision of the Supreme Court upon the crucial question which conditions their rights.

Nor is the court persuaded that it is without jurisdiction to entertain this second petition for rehearing and to grant the relief sought by it under the peculiar circumstances of this case. Before the term expired at which the erroneous judgment was rendered and before the mandate of this court issued, an appeal from that judgment to the Supreme Court had been taken, and upon a supersedeas bond of $1,-500, the stay of the mandate of this court until the further order of this court had been ordered. No further order was thereafter made or asked prior to November 16, 1922, when the motions under consideration were presented. The judgment and the case are still within the jurisdiction of this court to the extent necessary to enable it in its discretion to entertain and determine the issues tendered by the second petition for a rehearing, and right and justice require it so to do.

Let the motion to file the mandate of the Supreme Court be granted, and let an order be entered that leave to file and present the second petition for a rehearing be also granted.