## UNITED STATES v. HARRIS.

(Circuit Court of Appeals, Eighth Circuit. September 7, 1923.)

### No. 5422.

Indians ⊂⇒15(1)—Devisee held to take land free from restrictions on alienation.

An incompetent adult Osage Indian devisee of land restricted in the hands of his incompetent adult Osage Indian devisor takes the land under the will free from restrictions on alienation.

Appeal from the District Court of the United States for the Western District of Oklahoma; Robert E. Lewis, Judge.

Suit by the United States against P. H. Harris. Decree for defendant, and the United States appeals. On rehearing. Affirmed.

For prior opinion, see 265 Fed. 261. See, also, 286 Fed. 910.

John A. Fain, U. S. Atty., of Lawton, Okl., and Frank E. Ransdell, Asst. U. S. Atty., of Hominy, Okl.

Charles B. Stuart, John F. Sharp, and M. K. Cruce, all of Oklahoma City, Okl., for appellee.

Before STONE, Circuit Judge, and MORRIS and FARIS, District Judges.

STONE, Circuit Judge. This is a bill by the United States to remove from the title to land of an incompetent adult Osage Indian the cloud of a conveyance thereof by him. The land came to him by devise from his wife, an incompetent Osage Indian. On motion, the bill was dismissed and the government brought this appeal. The appeal was decided by this court and the decree reversed (265 Fed. 261). Mandate was stayed. Thereafter, the Supreme Court decided the precise question here involved in the case of La Motte v. United States, 254 U. S. 570, 41 Sup. Ct. 204, 65 L. Ed. 410. Thereupon, a petition for rehearing was granted and the case is now submitted anew. The La Motte Case is directly in point and must govern the disposition of this appeal. The point involved in the ruling of the lower court and on this appeal is whether an incompetent adult Osage Indian devisee of lands restricted in the hands of his incompetent adult Osage Indian devisor comes to him, under the will, free from restrictions on alienation. The La Motte Case holds directly that it does.

Therefore, on the controlling authority of that case, the decree must be and is affirmed.

⊜⟿For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes